UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HAROLD FOGLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:03CV1038 CEJ |
| ) | (TIA) |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition of Harold Fogle for a writ of habeas corpus under 28 U.S.C. § 2254. The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

## Procedural History

Petitioner is currently incarcerated at the Potosi Correctional Center located in Mineral Point, Missouri, pursuant to the judgment and sentence of the Circuit Court of St. Charles County, Missouri. On August 8, 2000, Petitioner pled guilty to stealing by deceit and forgery, and the court found that he was a prior and persistent offender. (Resp. Exh. A, pp. 3-12) The trial court scheduled his sentencing on August 11, 2000. (Resp. Exh. A, pp. 12-13) However, Petitioner failed to appear for sentencing on that date. Police later found Petitioner using drugs in Illinois and extradited him back to Missouri. (Resp. Exh. A, p. 14) On September 29, 2000, the trial court sentenced Petitioner to concurrent sentences of twenty years and twenty years in prison with the Missouri Department of Corrections. (Resp. Exh. A, p. 18; Exh. C, pp. 27-28)

On December 27, 2000, Petitioner filed a Motion to Vacate, Set Aside or Correct Judgment or Sentence under Rule 24.035. (Resp. Exh. B, pp. 3-10) His appointed attorney filed an Amended

Motion on July 16, 2001. (Resp. Exh. B, pp. 15-34) On February 21, 2002, the trial court denied Petitioner's motion. (Resp. Exh. B, pp. 41-43) On February 25, 2003, the Missouri Court of Appeals dismissed Petitioner's Rule 24.035 motion pursuant to the escape rule. (Resp. Exh. F); Fogle v. State, 99 S.W.3d 63 (Mo. App. 2003). On August 15, 2003, Petitioner filed the instant petition for a writ of habeas corpus in federal court.

## Exhaustion Analysis

Before the undersigned may consider the merits of the petition for a writ of habeas corpus, the petitioner must demonstrate that he has exhausted his state court remedies. Here, respondent concedes that petitioner has exhausted all of his state court remedies.

## Petitioner's Claims

In his petition for habeas relief, Petitioner raises the following two grounds:

(1) Petitioner was denied his right to Due Process because there was insufficient evidence to support his guilty plea and conviction for stealing by deceit; and

(2) Petitioner was denied his right to Due Process in that the sentencing court abused its discretion in denying Petitioner the opportunity to withdraw his guilty plea, which was for a lesser sentence.

## Discussion

### Claim One

While Petitioner contends that this conviction and sentence violates the United States Constitution, Respondent asserts that Petitioner procedurally defaulted on his claims because he failed to present them in the Missouri state courts. The undersigned agrees with Respondent. With regard to claim one, Respondent maintains that the Missouri Court of Appeals properly declined to review this claim pursuant to the escape rule, thus barring federal review. The "escape rule" states

2

"that defendants who escape of flee during trial or post-trial proceedings forfeit their right to appeal." Harvey v. State, 150 S.W.3d 128, 129 (Mo. App. 2004) (citations omitted); see also State v. Troupe, 891 S.W.2d 808, 809 (Mo. banc 1995) (same). Further, the failure to appear at sentencing constitutes an escape under this rule, and the rule applies both to motions for post-conviction relief and appeals on the merits. Id. (citations omitted). Courts can use the escape rule "to dismiss post-conviction appeals regardless of whether the motion court reached the merits of the movant's claims or the court itself dismisses the motion by invoking the escape rule." Id. (citation omitted). The decision to apply "the escape rule to dismiss an appellant's claims of error rests within the sound discretion of the appellate court." Harvey, 150 S.W.3d at 129 (citation omitted). The inquiry focuses on whether the escape had an adverse impact on the criminal justice system. Id.

In the instant case, the Missouri Court of Appeals dismissed Petitioner's post-conviction appeal pursuant to the escape rule. Fogle v. State, 99 S.W.3d 63, 65 (Mo. App. 2003). The court reasoned that Petitioner's escape adversely impacted the criminal justice system. Id. Specifically, the court found:

> Movant's failure to appear resulted in a seven-week delay between the original and actual sentencing date. His escape necessitated the filing of a *capias* warrant for his arrest as well as service of process in Illinois and extradition. While in Illinois, Movant used drugs, posing a threat to public safety. His escape delayed the payment of restitution to his victims. We find that Movant's escape flouted the authority of the courts from which he was seeking post-conviction relief and had an adverse impact on the administration of criminal justice.

Id. Thus, the court found the escape rule applicable and denied Petitioner's right to appeal the trial court's denial of his Rule 24.035 motion.

Failure to appeal the denial of postconviction relief to the Missouri Court of Appeals

3

constitutes a procedural default. Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005) (citations omitted). A federal court lacks the authority to reach the merits of procedurally barred claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials makes compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327; Murray, 477 U.S. at 496. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665, 666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

Here, Petitioner did not appeal the denial of his 24.035 motion. Therefore, he has procedurally defaulted on his claim that there was insufficient factual basis for finding Petitioner guilty of stealing by deceit. While Petitioner continues to argue the merits of this claim in his Traverse, he fails to assert cause and prejudice or a miscarriage of justice sufficient to overcome the procedural

4

bar. Therefore, Petitioner's first claim for habeas relief should be denied.

### Claim Two

Petitioner's second claim asserts that the sentencing court abused its discretion in denying Petitioner the opportunity to withdraw his guilty plea, which was for a lesser sentence. Respondent contends, and the undersigned agrees, that Petitioner has procedurally defaulted on this claim as well.

The record demonstrates that the Rule 24.035 motion court addressed this issue in its Findings of Fact and Conclusions of Law. (Resp. Exh. B, p. 42) The court found that Petitioner wanted to plead guilty, wished for the court to accept his guilty pleas, and did not want a jury trial. (Resp. Exh. B, p. 42) Likewise, Petitioner declined to withdraw his guilty plea when the court provided the opportunity. (Resp. Exh. B, p. 42) Finally, the motion court noted the clear record of Petitioner's understanding that the plea offer was contingent on restitution and Petitioner's appearance at the sentencing hearing and that failure to comply could result in the maximum sentence of 40 years. (Resp. Exh. B, p. 42)

However, on appeal, Petitioner declined to brief this claim. (Resp. Exh. D) As previously stated, failure to appeal the denial of postconviction relief to the Missouri Court of Appeals constitutes a procedural default. Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005) (citations omitted). This Court may not address the merits of Petitioner's claim absent a showing of cause and prejudice or a miscarriage of justice. Review of Petitioner's pleadings indicates that he is unable to overcome the procedural bar. He continues to assert that the trial court erroneously imposed a sentence without affording him another opportunity to withdraw his plea. However, this assertion is not an external impediment that frustrated his ability to comply with the state rules of appellate procedure or new reliable evidence showing Petitioner's actual innocence. Therefore, Petitioner's

second ground for habeas relief should also be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Harold Fogle for a writ of habeas corpus be **DISMISSED** without further proceedings.

The parties are advised that they have until August 28, 2006 in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

      /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of August, 2006.