UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HAROLD FOGLE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | No. 4:03-CV-1038 (CEJ) |
|  | ) |  |
| DON ROPER, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Terry I. Adelman, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On August 17, 2006, Judge Adelman issued a Report and Recommendation, recommending that the petition of Harold Fogle for a writ of habeas corpus under 28 U.S.C. § 2254 be denied. Petitioner timely filed objections to the Report and Recommendation on August 25, 2006. Pursuant to 28 U.S.C. § 636(b)(1), the Court is required to review *de novo* the portions of the report and the specified findings or recommendations to which objection is made.

On August 8, 2000, petitioner appeared before the St. Charles County, Missouri Circuit Court and pled guilty to stealing by deceit and forgery. Because petitioner was a prior and persistent offender, he faced a 20-year sentence of imprisonment. However, pursuant to a plea agreement, the State recommended that petitioner receive a suspended execution of sentence on the condition that he pay a portion of the restitution on the following day. The State also recommended that petitioner be placed on probation for five

years. In response to questioning by the court, petitioner stated under oath that he understood the rights he was giving up by pleading guilty and he described his conduct in connection with the offenses. Petitioner also stated that he understood the terms of the plea agreement and the potential punishment he faced. The plea agreement was accepted, and a sentencing hearing was scheduled for August 11, 2000. The court warned petitioner that if he did not appear for sentencing on the specified date, he would be sentenced to two consecutive 20-year terms of imprisonment. The court then asked petitioner if he wished to withdraw his guilty plea, and petitioner declined.

The petitioner failed to appear at the sentencing hearing on August 11, 2000. After a *capias* warrant was issued, petitioner was arrested in Illinois and was ultimately returned to Missouri. At the sentencing hearing on September 29, 2000, the petitioner was granted allocution, but he was not offered the chance to withdraw his guilty plea. The court sentenced petitioner to concurrent 20-year terms of imprisonment.

On December 27, 2000, petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Judgment or Sentence under Rule 24.035, Mo. Sup. Ct. R. His appointed attorney filed an Amended Motion on July 16, 2001. On February 21, 2002, the trial court denied petitioner's request for an evidentiary hearing, denied his motion for post-conviction relief, and affirmed his conviction and sentence on the merits. On February 25, 2003, the Missouri Court of Appeals, based on the "escape rule," dismissed petitioner's

2

appeal of the denial of post-conviction relief. <u>Fogle v. State of Missouri</u>, 99 S.W.3d 63 (Mo. App. 2003).

On August 15, 2003, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As grounds for habeas relief, petitioner claims that he was denied due process of law because: (1) there was insufficient evidence to support his guilty plea and conviction for stealing by deceit, and (2) the trial court abused its discretion by not allowing petitioner to withdraw his guilty plea. Judge Adelman recommended denying habeas relief because petitioner procedurally defaulted on both claims and did not show cause and prejudice excusing the procedural default or a miscarriage of justice.

A habeas corpus petitioner must show that the state court adjudication of his claim:

(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

Federal review of a habeas petition is barred when a state court dismisses or rejects a prisoner's claims on independent and adequate state grounds. <u>White v. Bowersox</u>, 206 F.3d 776, 780 (8th Cir. 1999). "Procedural default of a claim under state law may constitute an independent and adequate state ground, but only if the state procedural rule is firmly established, regularly

followed, and readily ascertainable." Id. (citing Harris v. Reed, 489 U.S. 255, 262 (1989) and Ford v. Georgia, 498 U.S. 411, 423-24 (1991)). Failure to seek appellate review of the denial of a post-conviction relief motion constitutes a procedural default. Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005). In this instance, the petitioner did appeal the denial of his Rule 24.035 motion, but the state appellate court refused to consider the appeal because of the escape rule.

In Missouri, the "escape rule" denies the rights of appeal and post-conviction relief to a defendant who escapes or flees justice. State of Missouri v. Troupe, 891 S.W.2d 808, 809 (Mo. 1995) (*en banc*). The failure to appear at sentencing constitutes an escape under the rule, and "the rule can be used to dismiss post-conviction appeals regardless of whether the motion court reached the merits of the movant's claims or the court itself dismissed the motion by invoking the escape rule." Harvey v. State, 150 S.W.3d 128, 129 (Mo. App. 2004). Whether or not to apply the rule is within the discretion of the court whose focus must be on whether the escape adversely impacts the criminal justice system. Id. Missouri courts have long applied the escape rule to cases in which a defendant escapes justice during trial or during a pending appeal. See Troupe, 891 S.W.2d at 810 (collecting Missouri cases dating to 1889 that apply the escape rule, including State v. Kearns, 743 S.W.2d 553 (Mo.App. 1987), in which a defendant on bond failed to appear for sentencing).

The procedural default bar is lifted if petitioner can show cause and prejudice for the default or can demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials makes compliance impossible. Murray v. Carrier, 477 U.S. 478, 488 (1986) (citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, such as a showing that a constitutional violation resulted in a conviction despite a petitioner's actual innocence. Schlup v. Delo, 513 U.S. 298, 327 (1995). The Schlup standard requires a petitioner to present new evidence and show that in light of this new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. Id. at 329.

The petitioner's claims in this action are not subject to habeas review because of the procedural default that occurred when the Missouri Court of Appeals properly dismissed his appeal pursuant to the escape rule. The escape rule is a firmly established, regularly followed, and readily ascertainable procedural rule that has long been applied to cases like petitioner's. The appeals court's dismissal pursuant to the escape rule constitutes an adequate and independent state ground. Because

petitioner procedurally defaulted on his claims, this Court may not review them.

Petitioner has failed to show cause for the procedural default. Petitioner voluntarily absented himself from the sentencing hearing; no external impediment prevented him from complying with the court's directive that he appear for the hearing. Additionally, the Court finds that petitioner has not shown that failure to set aside the procedural bar would result in a miscarriage of justice. Here, petitioner makes no showing of actual innocence nor does he present any new evidence in light of which no reasonable juror would have found him guilty beyond a reasonable doubt.

Petitioner has not shown that the state court adjudication of his case was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Nor has petitioner shown that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Terry I. Adelman [# 16] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that Harold Fogle's petition for a writ of habeas corpus [# 4] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2006.